IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEYON ROCKWELL,

              Plaintiff,

    vs.

JEFFREY STROHMYER, LU
GOLDSBERRY, and DREA WHITE,

              Defendants.

**8:24CV265**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Keyon Rockwell's Complaint filed on July 2, 2024. Filing No. 1. Plaintiff is currently incarcerated in the Nebraska State Penitentiary (NSP). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. SUMMARY OF COMPLAINT

Plaintiff has sued Jeffrey Strohmyer, Lu Goldsberry, and Drea White, specifically choosing to sue them all in their official capacities only. Filing No. 1 at 3. Plaintiff alleges the following as his "Statement of Claim":

During all relevant times, Plaintiff was incarcerated in the Sarpy County Department of Corrections (SCC). On April 2, 2024, Plaintiff noticed his stool was black and bloody. While in the pill line that morning, he explained his symptoms to Goldsberry, a nurse at SCC. She advised him not to worry; that he likely strained while using the bathroom. Filing No. 1 at 7. Plaintiff made the same complaints the following two days and received the same response.

One April 5, 2024, Plaintiff was scared he would pass out and submitted a formal request (Kite) to obtain medical care. The request was granted, and

he met with White, a nurse, and Stromeyer, a doctor, both of whom were working at SCC. Plaintiff received a 30-day prescription for medication and was told that if he took it, he would be fine. But by the morning of April 7, 2024, Plaintiff was feeling worse. He told White that the medicine was not working, and he was scared he was dying. White assured Plaintiff that he was fine. Filing No. 1 at 7.

Shortly thereafter, he began to have chest and stomach pains. Filing No. 1 at 7. He submitted another Kite requesting a medical appointment. He was then seen by another nurse at SCC who believed Plaintiff looked pale. She was concerned Plaintiff's condition was serious, with symptoms indicative of internal bleeding, and believed he should have been taken to the hospital. Filing No. 1 at 8.

Plaintiff was taken to the hospital. His hemoglobin count was low, and he was in serious but stable condition. Filing No. 1 at 8. Plaintiff was hospitalized for four days to monitor whether a transfusion was necessary. During that time, his gastrointestinal tract was scoped under anesthesia by a gastrointestinal specialist to locate the source of any internal bleeding. Filing No. 1 at 6.

Plaintiff alleges he had a near death experience due to extreme blood loss. He claims the defendants misdiagnosed his medical problem because they failed to perform a proper medical examination, lacked the proper equipment to accurately diagnose his problem, and failed to recognize he needed to be seen by someone qualified to treat him, that being a gastrointestinal specialist. Filing No. 1 at 6-7.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28

2

U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

3

Plaintiff seeks recovery under 42 U.S.C. § 1983, arguing the defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

As discussed below, upon review of Plaintiff's allegations, his claims against the defendants will be dismissed for failure to state a claim.

## A. Official Capacity Claims

Plaintiff alleges Strohmyer, Goldsberry, and White, who were apparently employees of WellPath, in Nashville, Tennessee, provided his medical care at SCC. Filing No. 1 at 3-4. Private employees and contractors who provide medical care to inmates within a jail or prison are considered state actors for purposes of 42 U.S.C. § 1983. *Davis v. Buchanan Cnty., Mo.*, 11 F.4th 604, 617 (8th Cir. 2021) (collecting cases).

Plaintiff has sued the defendants in their official capacity. Official capacity claims against state actors who are employees of government contractors have been construed as claims against the governmental entity, *Sebastian v. Foot*, 2024 WL 3201887, at *3 (E.D. Mo. June 26, 2024) (holding that the claims are against the county); *Carter v. Wasko*, 4:22-CV-04103-RAL, 2023 WL 248233, at *3 (D.S.D. Jan. 18, 2023) (holding that the claims are against the state); or as claims against the contractor, *Cannady v. Cradduck*, 2016 WL 4432704, at *1–2 (W.D. Ark. Aug. 18, 2016) (holding that the claims are against the contractor). Either way, the plaintiff must prove a policy or custom that caused the plaintiff's alleged injury. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007); *Johnson v. Hamilton*, 452

4

F.3d 967, 973 (8th Cir. 2006). And even if an unconstitutional policy or custom is alleged, the entity cannot be held liable absent a threshold finding of individual liability on the underlying substantive claim. *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). Plaintiff's complaint does not allege the existence of any policy or custom that caused Plaintiff's alleged damages. Plaintiff's official capacity claims against Strohmyer, Goldsberry, and White in their official capacities must be dismissed.

## B. Individual Capacity Claims

Although Plaintiff specifically chose to sue the defendants in their official capacity, even had he filed individual capacity claims, his complaint fails to state a claim against the defendants. Plaintiff claims the defendants violated his Eighth Amendment rights by refusing to promptly diagnose and treat his internal bleeding.[1] Under the Eighth Amendment's prohibition against cruel and unusual punishment, prison officials are forbidden from unnecessarily and wantonly inflicting pain on an inmate by acting with "deliberate indifference" toward serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Deliberate indifference "is a stringent standard of fault, requiring proof that a [state] actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 410 (1997). A claim of deliberate indifference to medical needs has both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

---

[1] Plaintiff alleges he was a pretrial detainee at the time of the events alleged in the complaint. Filing No. 1 at 5. A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment's prohibition against cruel and unusual punishment, while a pretrial detainee's challenge to such conditions is analyzed under the due process clause of the Fifth Amendment (with respect to federal actors) or the Fourteenth Amendment (with respect to state actors). *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989). This makes little difference as a practical matter, though, because pretrial detainees are entitled to the same protection as imprisoned convicts. *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010).

When alleging a deprivation of medical care, the inmate must show (1) an objectively serious medical need and (2) the defendants knew of the medical need but were deliberately indifferent to it. *See Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Jones v. Minn. Dep't of Corrs.*, 512 F.3d 478, 481–82 (8th Cir. 2008); *Albertson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006); *Grayson v. Ross*, 454 F.3d 802, 808–09 (8th Cir. 2006). A medical need is objectively serious "if the medical need in question is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Hancock v. Arnott*, 39 F.4th 482, 486 (8th Cir. 2022) (quoting *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017). The effects of delayed treatment are considered when evaluating the existence of an objectively serious medical need. *Id*. As to the subjective element, the Plaintiff must plead that each defendant acted with a sufficiently culpable state of mind. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). A plaintiff must show a prison official knew of and disregarded the objectively serious medical need. *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002).

Here, Plaintiff alleges he had serious internal bleeding which became life-threatening. Plaintiff's alleged injury is objectively serious, and for the purposes of initial review, the objective component is met.

To prove the subjective component, Plaintiff must present facts showing the defendants knew Plaintiff was bleeding internally and deliberately chose not to treat it. "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that these delays adversely affected his prognosis." *Redmond v. Kosinski*, 999 F.3d 1116, 1121 (8th Cir. 2021) (quoting *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (cleaned up)).

Plaintiff alleges he told the defendants he was not feeling well and had blood in his stool and for four days, they responded by prescribing medication and advising him not to worry. He claims the defendants should have conducted a more thorough examination or recognized he needed referral to a gastroenterologist earlier so his condition did not become serious.

Plaintiff was prescribed medication, but when that course of treatment provided no relief and Plaintiff's condition deteriorated, he was hospitalized and treated by a specialist. In other words, the defendants provided conservative treatment at the outset and when it did not work, more aggressive measures were taken—a course of medical care commonly experienced by prisoners and non-prisoners alike. While Plaintiff believes a specialist referral should have been made sooner, "inmates have no constitutional right to receive a particular or requested course of treatment, and prison [medical professionals] remain free to exercise their independent medical judgment." *Saylor v. Nebraska*, 812 F.3d 637, 646 (8th Cir. 2016), as amended (Mar. 4, 2016) (citing *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1118 (8th Cir. 2007) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997))). A showing of deliberate indifference "requires more than mere disagreement with treatment decisions.'" *Pietrafeso v. Lawrence Cnty., S.D.*, 452 F.3d 978, 983 (8th Cir. 2006) (quoting *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006)). And even assuming, as Plaintiff suggests, that the seriousness of Plaintiff's internal bleeding should have been diagnosed more quickly, mere negligence or medical malpractice are insufficient to rise to an Eighth Amendment violation. *Estelle,* 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.")

Even assuming Plaintiff had sued the defendants in their individual capacities, the allegations in his complaint fail to state a claim for recovery under 42 U.S.C. § 1983.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). Plaintiff's complaint fails to state a claim against any of the named defendants.

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.

2. A separate judgment will be entered.

Dated this 12th day of August, 2025.

BY THE COURT:

_John M. Gerrard_

_____

John M. Gerrard
Senior United States District Judge

8